IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T&C LEASING INC., : | |
| : | Civil Action No. 1:09-cv-873 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| : | |
| v. : | |
| : | |
| BBMC, LLC and JED BECKMAN, : | |
| : | |
| Defendants : | |

## MEMORANDUM

Before the Court is Plaintiff T&C Leasing's motion for default judgment. (Doc. No. 21.) As the Defendants have yet to appear or defend in this action, there is no opposition to the motion. For the reasons that follow, the Court will grant the motion and direct the Plaintiff to submit further evidence in support of the amount of damages requested.

### I.  BACKGROUND

#### A.  Factual Background

By a lease agreement dated September 30, 2008, titled "Equipment Lease Agreement" and referenced as agreement number "TC080916-1," Plaintiff leased the following items to Defendant BBMC: (a) one 2006 Cincinnati 165 ton CNC Press Brake & Control, serial number 31630; (b) one Burgmaster 6 spindle drill press; (c) one Miller Synchrowave 285 Welder; (d) one Pallet Jack "2 ton"; and (e) one lot of miscellaneous carbide tooling & drills. (Doc. No. 1 ¶ 7; see also Doc. No. 1-2.) The equipment was leased in return for 36 monthly payments of $2,184.66. (Doc. No. 1-2.) BBMC also granted the Plaintiff a security interest in two pieces of equipment as an additional security deposit: (a) one MG Systems 5' x 25' CNC plasma table with Hypertherm Powermax 1650 power unit model: MG525 MFG 2004, serial number SM750P-98-

996; and (b) one OTC Robotic Weld Cell dual station unit with touch screen control and VX-6 series Robotic arm, model VX-6, MFG 2008, serial number WCM43742-192-66348. (Doc. No. 1 ¶ 8; see also Doc. No. 1-3.) As additional incentive for Plaintiff to lease the equipment, Defendant Beckman personally guaranteed the payment and performance of BBMC's obligations to Plaintiff under the lease agreement. (Doc. No. 1 ¶ 9; see also Doc. No. 1-4.) After entering the agreement, BBMC defaulted by failing to make payments to Plaintiff when due. (Doc. No. 1 ¶ 13-14.) Beckman also defaulted under his personal guaranty, as he refused to satisfy BBMC's obligations under the lease. (Id. ¶ 16.)

## B. Procedural Background

The complaint in this action was filed on May 07, 2009, alleging that BBMC breached its contract with Plaintiff for the lease of the described equipment (Count I), and that Beckman breached his personal guaranty to pay and perform BBMC's obligations to Plaintiff (Count II).[1] (Doc. No. 1.) Although the record shows that Defendants were properly served with the summons, complaint, and other pertinent documents from the docket on July 23, 2009, (Doc. Nos. 21-3, 21-4), neither Defendant has appeared, answered, moved, or otherwise responded to the pleading. After several months of no response, Plaintiff requested and the clerk entered default against the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff also sought to immediately recover the property leased to BBMC (Count III). On June 3, 2009, Plaintiff filed a motion pursuant to Pennsylvania Rule of Civil Procedure 1075.1 requesting that the Court schedule a replevin hearing to determine whether a writ of seizure should issue for the equipment listed in the complaint. (Doc. No. 7.) The Court granted this request and scheduled the hearing for June 11, 2009. (Doc. No. 8.) The Court directed that appropriate notice be served prior to the date of the hearing, but Plaintiff was unable to locate and serve the Defendants and they were not present at the hearing. Despite this, the Court directed that a writ of seizure be issued, finding from the evidence presented at the hearing that: (1) Plaintiff had met its burden in showing a writ of seizure should issue, (2) Plaintiff had undertaken reasonable efforts to serve the Defendants, and (3) there was a reasonable probability that Plaintiff's interest and the property's value would be adversely impacted if the Defendants were allowed to continue to hold and use the property until notice could be served. (Doc. No. 11.)

(Doc. No. 22.) Now before the Court is Plaintiff T&C Leasing's ("T&C") motion for entry of default judgment. (Doc. No. 21.)

**II.    DISCUSSION**

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31[1] (3d ed.2007). Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). See Anchorage Associates v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in

3

light of considerations like those articulated in *Poulis*. When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of *Poulis* type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration." (internal citations omitted)).

Here, it is clear that the factors weigh in favor of granting a default judgment. Defendants have not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment, and no obvious defense appears on the face of the complaint. The Court also can find no excuse or reason for Defendants' default other than their own conduct. The Plaintiff has shown that Defendants were personally served with all of the required documents several months ago. (Doc. Nos. 21-2, 21-3.) Defendants were also served with the writ of seizure issued by the Court, and the leased equipment was seized and removed from the Defendants' business premises. (Doc. No. 21 ¶ 5.) Despite this, Defendants have neither engaged in the litigation process nor offered any reason for their failure to appear. The Court therefore finds that Defendants are personally culpable for their failure to appear and that there is no basis in the record to excuse this conduct. Plaintiff does not offer any basis to suggest that it would be specially prejudiced, beyond the standard delay in recovery, by a failure to enter a default, but even considering this factor as neutral, the Court finds that default judgment is due.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v.

Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show a breach of contract claim against each Defendant under Pennsylvania law. See Ware v. Rodale Press, Inc., 322 F.3d 218, 226 (3d Cir. 2003) ("Pennsylvania law requires that a plaintiff seeking to proceed with a breach of contract action must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages."). As damages, Plaintiff claims to be entitled to an award of $103,877.38, consisting of $79,785.49 due under the lease, $14,618.00 in attorneys' fees, $5,500.00 in repossession expenses, and $3,973.89 in costs of this action. The Court finds that these categories of damages are properly recoverable under the lease, as it provides in pertinent part that, upon default, the Plaintiff may "sue for and recover from you, as Lessee, the sum of all unpaid rents and other payments due under this Lease then accrued, all accelerated future payments due under this Lease, [and] our costs of enforcement and collection (including reasonable attorney's fees and costs) . . . ." (Doc. No. 1-2 ¶ 13.)

Despite this, the Court finds that Plaintiff has not sufficiently supported the requested amount of damages in their submission. Plaintiff submitted a single affidavit from its collections manager in support of the damage award, but did not attach any of the documentary evidence upon which the affiant relies. Indeed, it was suggested at the writ of seizure hearing that an additional $1000 payment was made by Defendants that was not properly credited against his account. (See Doc. No. 10 Ex. 5.) The Plaintiff also never explains what constitutes the $5500 in "repossession expenses" sought as part of the damage award.[2]

Additionally, Plaintiff has not submitted adequate support to demonstrate its request for

---

[2] Plaintiff also did not submit a brief in support of its motion, which is required by the local rules of the Court. See M.D. L.R. 7.5.

attorneys' fees is reasonable.  In assessing a request for attorneys' fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter.  Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party seeking the attorney fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed."  Id. at 1183; E.E.O.C. v. Federal Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, at 433).  An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  Here, though Plaintiff's fee petition appears quite detailed as to the hours worked and tasks performed by each attorney, there is no support offered for the claimed rates of $355.00 per hour for Mr. Leitess, $250.00 per hour for Mr. Young, and $135.00 per hour for Mr. Baker.

While Plaintiff has not adequately supported its claim for the requested amount of damages, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amounts are computable from the terms of the breached contract and proper documentary evidence.  As such, Plaintiff will be required to submit further evidence in support of its claimed damages.  If Plaintiff is unable to adequately support its claims with further documentary submissions, the Court will schedule an evidentiary

hearing on the matter.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's request for default judgment, but will instruct the Clerk of Court to defer entering judgment pending the Court's determination as to the amount of damages to be awarded. Plaintiff will be directed to submit further evidence to support the amount of damages requested.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T&C LEASING INC., : | |
| : | Civil Action No. 1:09-cv-873 |
| **Plaintiff** : | |
| : | (Chief Judge Kane) |
| v. : | |
| BBMC, LLC and JED BECKMAN, : | |
| **Defendants** : | |

**ORDER**

**AND NOW**, on this 14th day of January 2010, having considered the Plaintiff's motion for entry of default judgment (Doc. No. 21), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. The Plaintiff's motion (Doc. No. 21) is **GRANTED**;

2. The Clerk of Court is instructed to defer entering judgment on the Plaintiff's claims pending the Court's computation of the appropriate amount of damages; and

3. Plaintiff is directed to submit evidence further documenting and supporting its damage claims in accordance with the limitations highlighted by the Court's memorandum within fifteen (15) days of the date of this order.

                                            s/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania