# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T&C LEASING, INC., : | |
| : | Civil Action No. 1:09-cv-873 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| : | |
| v. : | |
| : | |
| BBMC, LLC and JED BECKMAN, : | |
| : | |
| Defendants : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 14, 2010, the Court issued a memorandum and order finding that the Defendants had defaulted and holding that default judgment would be entered on the claims against them. (Doc. No. 23.) The Court also ordered Plaintiff T&C Leasing, Inc. ("T&C Leasing") to submit evidence further documenting and supporting its damage claims. On January 29, 2010, T&C Leasing complied with the Court's order and has now sufficiently supported its claim for damages in the amount of $102,877.38. (Doc. Nos. 25-26.)

Subsequent to the Court's order, T&C Leasing also filed a suggestion of bankruptcy for Defendant Jed Beckman, requiring that the case be stayed as to him under 11 U.S.C. 362(a). (Doc. No. 24.) Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Some pertinent factors the district court is required to consider in making this determination are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not

> be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006) (citing Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975)).  Here, the remaining claim against Defendant Beckman is based on a personal guaranty he signed to ensure BBMC met its obligations under the lease.  Accordingly, the remaining claim is wholly derivative of the claim upon which final judgment will be entered, which favors entry of final judgment.  See id. at 204. ("The remaining claims in this case are wholly derivative of the claims between Berckeley and Colkitt, arising from separate agreements entered into between each of those parties and Shoreline. Practically, however, if the summary judgment decision of the District Court is upheld and Berckeley is able to execute on the full amount of the judgment, Shoreline's indemnity claim against Colkitt would become moot and Berckeley would no longer be compelled to continue its claims against Shoreline.").  There is presently no reason to believe future developments will moot the need for review and there are currently no claims which could result in a set-off against the judgment.  Finally, considering the record, there is a substantial probability that delay in entering final judgment might impact T&C Leasing's ability to execute on the judgment.  Accordingly, the Court finds there is no just reason for delay and will direct entry of a final judgment against Defendant BBMC, LLC.

**ACCORDINGLY**, on this 17th day of June 2010, **IT IS HEREBY ORDERED THAT**:

1. This matter is stayed as to Defendant Jed Beckman pending resolution of his bankruptcy petition pursuant to 11 U.S.C. 362(a).  Plaintiff T&C Leasing, Inc.

shall submit a status report to the Court regarding the pendency of the bankruptcy proceedings on June 30, 2010, September 30, 2010, December 31, 2010, and quarterly thereafter until the bankruptcy proceeding is resolved;

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff T&C Leasing, Inc. and against defendant BBMC, LLC on Count I of the complaint in the amount of $102,877.38, with post-judgment interest at the legal rate of .33, established by 28 U.S.C. § 1961(a), until the judgment is fully paid; and

3. The Clerk of Court is directed to enter judgment in favor of Plaintiff T&C Leasing, Inc. and against Defendant BBMC, LLC, on Count III of the complaint, awarding possession of one (1) 2006 Cincinnati 165 ton CNC Press Brake & Control, serial number 31630; one (1) Burgmaster 6 spindle drill press; one (1) Miller Synchrowave 285 Welder; one (1) Pallet Jack "2 ton"; and one (1) lot of miscellaneous carbide tooling & drills, the foregoing together with any upgrades, replacements, repairs, and additions, to Plaintiff T&C Leasing, Inc.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania